FILED
12/21/15 3:49 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | BANKRUPTCY NO. 10-26552-TPA |
| RAY G. ANTHONY,<br>    Debtor(s). | Chapter 7 |
| ROBERT SHEARER, Trustee,<br>    Movant,<br>v.<br>RAY G. ANTHONY and JOAN ANTHONY, his Wife; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; COMMONWEALTH OF PENNSYLVANIA, DEPARTEMENT OF REVENUE, JEFFERSON HILLS BOROUGH;  KING & BALLOW; and PATRICIA ROSS,<br>    Respondents. | Related to Motion to Sell at Doc. No. 307 |

## ORDER CONFIRMING SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

AND NOW, this   21st   day of        December        , 20 15  , on consideration of the Trustee's Motion for Sale of Property Free and Divested of Liens filed at Document No. 307, to BLAIRSVILLE HOLDINGS, LLC, c/o Laurence A. Neish, 142 James Place, Pittsburgh, PA  15228, for $185,000.00, after hearing held in Courtroom C, 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA, on December 18, 2015, the Court finds:

THAT THE Sale is duly brought in accordance with a settlement of Adversary Proceeding Number 14-2158-TPA that had been filed in the United States Bankruptcy Court for the Western District of Pennsylvania, as more particularly set forth in the MOTION TO APPROVE SETTLEMENT ("Settlement Motion") and exhibits thereto filed at Doc. No. 62 in that Adversary Proceeding. The Settlement was approved by Order of Court filed at Doc. No. 68 in that Adversary Proceeding ("Settlement Approval Order") on August 31, 2015. The Settlement Motion and Settlement Approval Order are incorporated herein in their entirety.  Both RAY G. ANTHONY and JOAN ANTHONY, his Wife, are voluntary parties to this sale in accordance with and pursuant to the Settlement Motion, the Settlement Agreement attached as Exhibit "A" to the Settlement Motion, and the Settlement Approval Order. Accordingly, their interests in the Property to be sold may be sold with all proceeds of the sale going to the Estate free of any claim of RAY G. ANTHONY or JOAN ANTHONY.

The Court further finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for private sale, viz:

| DATE OF SERVICE | NAME OF RESPONDENT /LIENOR AND SECURITY |
|---|---|
| (actual date of service for each creditor) | (Identify full name of each creditor in separate paragraphs with specifics of each claim, including filing information) |
| **November 19, 2015** | **Joan Anthony**<br>301 Meadowlark Drive<br>Uniontown, PA 15401<br><br>**Ray G. Anthony**<br>375 Wray Large Road<br>Clairton, PA 15025<br><br>Robert O. Lampl<br>960 Penn Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| **November 19, 2015** | **Internal Revenue Service**:<br>　　FTL-14-001304 (Allegheny County, PA)<br>　　FTL-14-001472 (Allegheny County, PA)<br>　　79-14 FTL (Fayette County, PA)<br>　　78-14 FTL (Fayette County, PA)<br><br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101<br><br>US Attorney's Office<br>Western District of Pennsylvania<br>633 US Post Office & Courthouse<br>Grant Street<br>Pittsburgh, PA 15219<br><br>Attorney General of the US<br>Civil Division, Bankruptcy Section<br>US Department of Justice<br>Washington, DC 20530<br><br>Internal Revenue Service<br>1000 Liberty Avenue, Room 705<br>Pittsburgh, PA 15222 |

| | |
|---|---|
| **November 19, 2015** | **King & Ballow** |
| | GD-15-008066 (Allegheny County) |
| | 1127-15 DSB (Fayette County) |

King & Ballow
315 Union St
Suite 1100
Nashville, TN 37201

Ronad Hicks, Jr.
Meyer, Uncovic & Scott
1300 Oliver Bldg
Pittsburgh, PA 15222

| | |
|---|---|
| **November 19, 2015** | **Jefferson Hills Borough** |
| | DTD-03-074440 (Allegheny County) |

Jefferson Hills Borough
Attn: Josephine Lipnicky, Tax Collector
925 Old Clairton Rd, 1st Floor
Jefferson Hills, PA 15025

| | |
|---|---|
| **November 19, 2015** | **Patricia Ross** |
| | 2014 OF 2010 DSB (Fayette County) |

Patricia Ross
3200 N.E. 59th Street
Fort Lauderdale, FL  33308

Gregg W. McClosky
Kristin J. Mentzer
McClosky, D'Anna & Dieterle, LLP
2300 Glades Road
Suite 400- East Tower
Boca Raton, FL 33431

Gregg W. McClosky
Kristin J. Mentzer
McClosky, D'Anna & Dieterle LLP
150 East Palmetto Park Road
Suite 800
Boca Raton, FL  33432

        Kristin J. Mentzer
        2300 Glades Road
        Suite 400 East Tower
        Boca Raton, FL 33431-8540

        Geil S. Bilu
        2700 West Atlantic Blvd
        Suite 204
        Pompano Beach, FL 33069

**November 19, 2015**        **<u>Pennsylvania Department of Revenue</u>**

        Pennsylvania Dept. of Revenue
        Department 280946
        P.O. Box 280946
        ATTN: BANKRUPTCY DIVISION
        HARRISBURG, PA 17128

        Robert C. Edmundson, Esquire
        Office of the Attorney General
        564 Forbes Avenue
        Manor Complex, 5th Floor
        Pittsburgh, PA 15219

     (2)    That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion/Complaint.

     (3)    That said sale hearing was duly advertised: on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on November 19, 2015; in the Herald-Standard, a daily newspaper of general circulation in Fayette County, Pennsylvania, on November 27, 2015; in the Tribune-Review, a daily newspaper of general circulation in Southwestern Pennsylvania that includes Allegheny County on November 25, 2015; in the Fayette Legal Journal, a legal journal for Fayette County on December 5, 2015; and in the Pittsburgh Legal Journal, a legal journal for Allegheny County, on November 30, 2015, has been reported to the Court and shown by the Proof of Publications duly filed and to be filed.

     (4)    That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

     (5)    That the price of $185,000.00 offered by BLAIRSVILLE HOLDINGS, LLC (Purchaser) was a full and fair price for the property in question.

(6)     That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that the sale by Special Warranty deed of the real property (collectively, the "Property") described and identified as:

| PROPERTY ADDRESS /LOCATION | TITLED OWNERS | TAX ID NUMBER | MOST RECENT DEED BOOK / PAGE |
|---|---|---|---|
| **Fayette County** | | | |
| 324 Balsinger Road Redstone Township | Ray G. Anthony | 15-28-0041 | RB815 / 191 |
| Francis Street South Union Township | Ray G. and Joan Anthony | 34-19-0030 | 3098 / 1867 |
| **Allegheny County** | | | |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony | 659-P-10 | BK-DE VL-14022 PG-1 |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony | 766-B-80 | BK-DE VL-13989 PG-295 |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony y | 766-B-99 | BK-DE VL-13990 PG-117 |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony | 766-B-120 | BK-DE VL-13990 PG-128 |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony | 766-G-1 | BK-DE VL-13990 PG-117 |
| Wray Large Road Jefferson Borough | Ray G. and Joan Anthony | 766-L-260 | BK-DE VL-13990 PG-133 |

is hereby CONFIRMED to Purchaser BLAIRSVILLE HOLDINGS, LLC, for $185,000.00, free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser above named the necessary deed(s) and/or other documents required to transfer title to the property from RAY G. ANTHONY and JOAN ANTHONY, his Wife, to the approved purchaser, upon compliance with the terms of sale;

It is FURTHER ORDERED that in accordance with the terms of sale, the sale of the Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the Purchaser has inspected the Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Movant, the Estate or their agents.

It is FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions,

including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Movant pending further Order of this Court after notice and hearing.

(1) Current real estate taxes, pro-rated to the date of closing;

(2) One-half of the Transfer Taxes;

(3) Any other costs incurred at closing that are typically the obligation of a seller of real property in Allegheny County unless otherwise allocated to Purchaser under the terms of sale; and

(4) The balance of funds realized from the within sale shall be held by the Trustee until further Order of Court, or approval of Trustee's Final Report and Proposed Distribution.

It is FURTHER ORDERED, that notwithstanding the terms of the Sale, as set forth in the Motion to Sell and Purchase and Sale Agreement, the Trustee may, in his discretion, pay the Estate's portion of real estate taxes and municipal liens in excess of the $15,000 cap.

It is FURTHER ORDERED that:

(1) Within seven (7) days of the date of this Order, the Movant shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) Closing shall occur within thirty (30) days of this Order. The stay imposed by Bankruptcy Rule 6004(h) is waived.

(3) Within seven (7) days following closing, the Movant shall file a Report of Sale which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This Sale Confirmation Order survives any dismissal or conversion of the within case.

(5) In the event of the failure of the Purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in his sole and exclusive discretion, may accord to the Purchaser) the Trustee may, at his option, declare a default, retain the deposit for the benefit of the Estate, and

upon Motion filed with the Court, and Order issued thereon pursuant to this Paragraph, sell the Property to the next highest bidder at the December 18, 2015, Sale Hearing.

By the Court,

_____  jlm
Thomas P. Agresti, Judge
United States Bankruptcy Court